**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                        No. 99-4144

ALVIN RALPH SPIVEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-98-199)

Submitted: March 31, 2000

Decided:  May 3, 2000

Before LUTTIG and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stanley F. Hammer, WYATT, EARLY, HARRIS & WHEELER,
L.L.P., High Point, North Carolina, for Appellant. Walter C. Holton,
Jr., United States Attorney, Harry L. Hobgood, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Alvin Ralph Spivey of two counts of mail fraud in connection with a scheme to obtain promotional merchandise from Philip Morris using counterfeit Marlboro uniform product code ("UPC") labels, in violation of 18 U.S.C.§ 1341 (West Supp. 1999), and 18 U.S.C. § 2 (1994). The court sentenced Spivey to thirty-one months' imprisonment to be followed by three years of supervised release. The court also ordered Spivey to pay restitution to Philip Morris in the amount of $103,722. Spivey appeals his convictions and the district court's restitution order. Finding no reversible error, we affirm.

I.

Spivey first challenges the district court's unanimity instruction with regard to the elements of the offense, the underlying conduct, and whether he acted as a principal or aider and abettor. He urges this court to extend the Supreme Court's holding in Richardson v. United States, 119 S. Ct. 1707, 1709 (1999), to his mail fraud convictions under § 1341. Because Spivey did not object to the instructions at trial, he concedes that this Court's review is limited to review for plain error. See United States v. Brown, 202 F.3d 691, 698 & n.13 (4th Cir. 2000); see also United States v. Olano , 507 U.S. 725, 732-37 (1993).

Specifically, Spivey contends that the unanimity charge was insufficient as to the elements of the offense, given the multiple allegations of mail fraud in the indictment. In reviewing a court's jury instructions, we must examine "whether the jury charge, construed as a whole, adequately stat[ed] the controlling legal principle without misleading or confusing the jury." See Chaudhry v. Gallerizzo, 174 F.3d 394, 408 (4th Cir.), cert. denied, 120 S. Ct. 215 (1999) (citation omit-

2

ted). Taken as a whole, we find no plain error in the district court's instructions.

Spivey next contends, relying on Richardson, that the jury must agree on the conduct that supports the mail fraud charges in the indictment. Because of the number of acts alleged in the indictment, Spivey asserts that the jury may not have agreed unanimously on the underlying conduct. Even assuming that the failure to give a more specific unanimity instruction was error, the error was not plain given that no court has extended the reasoning in Richardson to violations of § 1341. See Olano, 507 U.S. at 734 (defining "plain" as "synonymous with `clear' or, equivalently, `obvious'").

Finally, Spivey argues that the jury instructions on unanimity made it impossible to determine whether the jury convicted him as a principal or as an aider and abettor. This argument, however, is foreclosed by our decision in United States v. Horton, 921 F.2d 540, 545-46 (4th Cir. 1990) (holding that defendant's right to unanimous verdict not violated by instructions permitting jury to convict defendant as principal or aider and abettor). We therefore find no plain error in this regard.

II.

Next, Spivey challenges his convictions for mail fraud on the ground that the district court erred by denying his motion for judgment of acquittal under Fed. R. Crim. P. 29. We review the district court's decision to deny a motion for judgment of acquittal de novo. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998) (citations omitted), cert. denied, 525 U.S. 1141 (1999). Where, as here, the motion is based on insufficient evidence, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc); Glasser, 315 U.S. at 80. If substantial evidence exists to support a verdict, the verdict must be sustained. See Glasser, 315 U.S. at 80.

3

We have reviewed the trial testimony and conclude that the evidence was sufficient. Spivey created the printing plates and printed the counterfeit UPC labels to exchange for Marlboro merchandise. Winford Bingham, who met Spivey at Spivey's place of employment on several occasions, recruited people to provide their addresses in exchange for retaining one of the items obtained with the counterfeit UPC codes. Finally, Philip Morris intercepted 125 orders mailed to the promotional program using the counterfeit labels. See United States v. Loayza, 107 F.3d 257, 260 (4th Cir. 1997) (discussing elements of mail fraud); see also United States v. Wilson, 135 F.3d 291, 305 (4th Cir.) (discussing elements of aiding and abetting), cert. denied, 523 U.S. 1143 (1998).

While Spivey challenges the government's use of circumstantial evidence, it is well established that we may not review the credibility of witnesses or weigh the evidence. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Here, the jury was given the opportunity to hear the government's evidence and Spivey's recitation of the facts. The jury's apparent refusal to believe Spivey's version of the facts was within its province and its guilty verdicts were supported by the evidence. When viewed in the light most favorable to the government, the evidence was sufficient to convict him of mail fraud. See Burgos, 94 F.3d at 862.

III.

Spivey also challenges the district court's imposition of restitution in the amount of $103,722. Because Spivey did not object at sentencing, our review is only for plain error. See United States v. Karam, 201 F.3d 320, 330 (4th Cir. 2000).

Contrary to Spivey's assertion that the government did not establish that Philip Morris' loss was directly caused by his conduct, it is clear from the record that Spivey's skills as a master printer were critical to the success of the scheme to obtain merchandise with counterfeit UPC codes. We therefore find that the district court did not err--let alone plainly err--in ordering Spivey to pay $103,722 in restitution.

Spivey also claims that the district court should have applied the provisions of the Victim and Witness Protection Act of 1982

4

("VWPA") in fashioning the restitution order because the mailings charged in the indictment occurred in 1995--before the April 24, 1996, effective date of the Mandatory Victim Restitution Act of 1996 ("MVRA"). Because the district court accepted the probation officer's recommendation to order the full amount of restitution, Spivey claims that application of the MVRA violated the Ex Post Facto Clause.

Although the mailings to which Spivey refers occurred in September 1995, the indictment also alleged that Spivey's criminal conduct included conduct that continued beyond the effective date of the MVRA. Specifically, Spivey printed counterfeit UPC codes in December 1996. In addition, about one-third of the 125 confiscated orders were mailed to Philip Morris after April 24, 1996. Finally, Spivey was convicted in October 1998 and sentenced in February 1999. See Karam, 201 F.3d at 330 n.12. On these facts, we conclude that there was no ex post facto violation and therefore no plain error in the application of the MVRA.

IV.

Accordingly, we affirm Spivey's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5